IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANNETTE T. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:11-cv–00626 |
| ) | |
| SKYVIEW APARTMENT, FIRST CUMBERLAND ) | Judge Sharp |
| PROPERTY, PHILLIP L. OWNED, ) | |
| ROBERT TRENT, MAGGIE HOWELL, ) | |
| SARA CHAMBERS, STEVE HAROLL, ) | |
| MARTHA HOPKINS, PAST OR PRESENT ) | |
| SKYVIEW APARTMENT EMPLOYEES, ) | |
| AMERICAN APARTMENT MANAGEMENT CO., ) | |
| and OTHER AFFILIATE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

The Court previously granted Plaintiff Annette Moore's Application to Proceed *in Forma Pauperis* (see ECF No. 5). However, although the Court noted that it was questionable whether Plaintiff's complaint raised any colorable claims under federal law, the Court deferred conducting the initial review required by 28 U.S.C. § 1915(e)(2) at that time and instead ordered Plaintiff to file a supplemental pleading further explaining the factual and legal basis for her claims against each defendant. Plaintiff has filed a supplemental pleading in which she attempts to comply with the Court's directive, but the Court nonetheless finds that the complaint fails to state a claim under federal law for which relief may be granted.

Under 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any action allowed to proceed without prepayment of fees and costs, and to dismiss the complaint if it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In conducting the initial screening required by statute and by Sixth Circuit precedent, the Court must liberally construe the complaint and accept as true the factual allegations set forth therein. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) ("We must 'construe the complaint in the light most favorable to the plaintiff [and]

accept all well-pleaded factual allegations as true.'" (alteration in original) (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003))). Further, as with all pleadings submitted by *pro se* litigants, the complaint is held to less stringent standards than those drafted by attorneys. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Under these circumstances, "[d]ismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

In the present complaint, Plaintiff alleges that she is a disabled person living in subsidized public housing covered by the United States Housing Act of 1937 ("USHA"), and that Defendants allegedly receive federal funds to provide housing to eligible low-income families. Defendants are the Section 8 apartment complex where Plaintiff resides, as well as other entities that the Court presumes are the property manager and owner, the general partners of the owner, and various employees of either the apartment complex, the property manager or the property owner, although Plaintiff does not explain who any of the defendants are. Plaintiff appears to be alleging that Defendants have violated USHA by failing to provide safe housing at the Skyview Apartments, in light of the criminal activity, killings, destruction of property, and shootings in close proximity to Plaintiff's apartment, as well as the harassment, intimidation, noise, foul and derogatory language, crowds and other inconveniences Plaintiff's neighbors have caused her to suffer. More specifically, Plaintiff seems to be claiming, on the basis of 24 C.F.R. § 982.307, that the managers and owners of the apartment have failed in their responsibility to screen potential tenants, and that Defendants have knowingly or with deliberate ignorance and reckless disregard violated HUD requirements that they screen tenants. As a result, Plaintiff has been the victim of "never ending episodes of harassment, intimidation, humiliation, name calling, spitting" perpetrated by inadequately screened tenants; every time one tenant is evicted for engaging in criminal activity or other unacceptable behavior, another who engages in the same type of behavior moves in, which ultimately leads to another eviction. (Compl. ¶ 50.) Plaintiff might also be alleging that she has been subjected to retaliation for having made numerous complaints about other tenants over the years; this retaliation appears to take the form of permitting tenants whom Defendants knew or should have known to have a propensity for violent, criminal behavior to rent apartments close to Plaintiff's apartment. Plaintiff also claims she was yelled at

and harassed and discriminated against on one recent occasion by an on-site maintenance man for asking him to shut off an outdoor water faucet spigot or valve one night after the night manager had failed to respond to an emergency call. The maintenance man did in fact shut off the water, but Plaintiff also alleges that she received a notice a few days later stating "please remember at no time is it appropriate to knock on the maintenance guys [sic] door." (Compl. ¶ 49.)

Plaintiff asserts that Defendants' actions violated the "HUD requirements"; the regulations implementing USHA; Section 818 of the Disability Act, which the Court construes as a reference to Section 818 of the 1988 Fair Housing Amendment Act; 42 U.S.C. §§ 1983, 1985, and 1986; the Americans with Disabilities Act ("ADA"); Section 504 of the Rehabilitation Act, and Tennessee common law. Plaintiff seeks compensatory and punitive damages, and attorneys' fees.

The majority of Plaintiff's factual allegations pertain to events that took place from 1996 through 2009. In Tennessee, the statute of limitations applicable to personal-injury tort claims as well as actions under § 1983, the ADA, and the Rehabilitation Act is one year. Tenn. Code Ann. § 28-3-104(a); *Porter v. Brown*, 289 F. App'x 114, 116 (6th Cir. 2008); *Williams v. Trevecca Nazarene Coll.*, 162 F.3d 1162 (Table), 1998 WL 553029, at *1 n.2 (6th Cir. Aug. 17, 1998). In order to dismiss a complaint brought *in forma pauperis* under the preliminary screening process based on the expiration of the statute of limitations, a federal court must find that the expiration of the statute of limitations is clear on the face of the complaint. *Johnson v. Hill*, 965 F. Supp. 1487, 1489 (E.D. Va. 1997); *McLittle v. O'Brien*, 974 F. Supp. 635, 637 (E.D. Mich. 1997). To the extent Plaintiff's allegations regarding events that occurred from 1996 through 2009 are premised upon state tort law or seek to vindicate rights protected under the ADA, the Rehabilitation Act, or § 1983 (including any claims brought under §§ 1985 and 1986, USHA and the Fair Housing Act), these claims are clearly, on the face of the complaint, barred by the statute of limitations and are subject to dismissal.

Plaintiff's complaint references only a few incidents that occurred in 2011, within the statute of limitations, but the facts alleged simply do not support a claim for an actionable violation of Plaintiff's rights under federal law.[1] Specifically with respect to those claims, the Sixth Circuit has held that USHA

---

[1] One of these is the above-referenced incident when Plaintiff was yelled at by an on-site maintenance employee and later received a notice from the apartment manager stating "please remember at no time is it appropriate to knock on the maintenance guys [sic] door." (Compl. ¶ 49.)

and its implementing regulations pertaining to the establishment of public housing and the intention of providing safe and affordable housing, do not themselves contain "rights-creating language" that would give rise directly to an independent cause of action, nor do they create rights enforceable in an action brought under 42 U.S.C. § 1983. *Johnson v. City of Detroit*, 446 F.3d 614, 626–28 (6th Cir. 2006); *cf. Banks v. Dallas Housing Authority*, 271 F.3d 605, 608 (5th Cir. 2001) (rejecting plaintiffs' claims that they had an implied private right of action under the USHA to "decent, safe, and sanitary" housing); *see also Ross v. Midland Mgmt. Co.*, No. 02 C 8190, 2003 WL 21801023 (N.D. Ill. Aug. 1, 2003) (noting that the USHA does not "provide a private cause of action regarding the maintenance of apartment units"). Thus, to the extent Plaintiff is attempting to bring claims under the United States Housing Act or its implementing regulations, including 24 C.F.R. §§ 103.320 and 982.307, either directly or under 42 U.S.C. §§ 1983, 1985 and 1986 based upon the Defendants' failure to provide her with safe housing, the claims are subject to dismissal for failure to state a claim upon which relief may be granted.

Plaintiff also appears to be attempting to state a claim for retaliation, either under state or federal law. To be clear, however, Plaintiff does not allege that she has actually been evicted or received an eviction notice, or that her rent has been improperly raised. She has alleged that her request to be allowed to move to another handicap-accessible apartment was refused, but it appears she is already living in a handicap-accessible unit. Although Plaintiff alleges that other *tenants* (who are not defendants in this action) have on occasion harassed her and interfered with her access to her apartment, Plaintiff does not actually allege that Defendants have taken any action that interfered with or prevented her exercise or enjoyment of any rights conveyed by the Fair Housing Act or the USHA. Plaintiff's insinuation that Defendants are intentionally moving problem tenants into the units close to hers is too speculative to be credited. In sum, Plaintiff has not alleged sufficient facts to state a claim for retaliation against any of the named Defendants.

---

Plaintiff alleges this was an act of discrimination because other tenants knocked on the maintenance man's door without being yelled at. Plaintiff also alleges that on June 11, 2011, she was yelled at and harassed by another tenant who was angry because Plaintiff had complained to management about "the constant traffic inside the breezeway coming from [the tenant's] house" (Compl. ¶ 30). Plaintiff also alleges that the tenant carried out a threat to call her uncle who was a police officer. A police car arrived and the tenant stated that it was her uncle. Plaintiff alleges that this action "amounted to a threat on [her] life, and that the tenant continues to "have comments every time she walks by the plaintiff." (*Id.*) Finally, Plaintiff asserts that she recently witnessed an on-site maintenance man exchange a "hand shake alleged . . . to be the 'GANG' sign" with some other tenants. (Compl. ¶¶ 44–45.)

For these reasons, and because Plaintiff's supplemental pleading has not provided any additional legal or factual support for these claims, Plaintiff's complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted. The claims based on events that occurred between 1997 and 2009 will be dismissed with prejudice as barred by the statute of limitations. The claims based on events that occurred in 2011 will be dismissed without prejudice. The Court is sympathetic to Plaintiff's plight, but the federal courts do not provide the relief Plaintiff seeks.

An appropriate order will enter.

*Kevin H. Sharp*
Kevin H. Sharp
United States District Judge